FILED
CLERK U.S DISTRICT COURT
NOV - 9 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERNON CASTLE BROWN, JR., <br><br> Petitioner, <br><br> v. <br><br> JEFF McCOMBER, <br><br> Respondent. | Case No. CV 15-8590-CAS(AJW) <br><br> MEMORANDUM AND ORDER DISMISSING PETITION |

On November 3, 2015, petitioner filed this petition for a writ of habeas corpus. The petition challenges petitioner's 2001 murder conviction in the Los Angeles County Superior Court. [Petition at 1]. Petitioner previously has filed numerous petitions in this Court challenging the same conviction. The first petition was denied on the merits on June 8, 2004. Case No. CV 03-7528-FMC(AJW). Petitioner's subsequent petitions challenging that conviction were dismissed as successive.[1]

---

[1] Case Nos. CV 04-4250-R(AJW), CV 11-4338-CAS(AJW), CV 11-4691-CAS(AJW), CV 11-7476-CAS(AJW), CV 11-7997-CAS(AJW), CV 12-4039-CAS(AJW), CV 12-5230-CAS(AJW), CV 14-9017-CAS(AJW), CV 15-268-CAS(AJW), CV 15-2316-CAS(AJW).

A federal court must dismiss a successive petition that raises the same grounds for relief as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a successive petition raising a new ground for relief unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**It is so ordered.**

Dated: 11/9/15

_Christina A. Snyder_
Christina A. Snyder
United States District Judge